FRIEDMAN DUMAS & SPRINGWATER LLP
CECILY A. DUMAS (S.B. NO. 111449)
150 Spear Street, Suite 1600
San Francisco, CA 94105
Telephone Number: (415) 834-3800
Facsimile Number: (415) 834-1044

Attorneys for R. Todd Neilson,
Chapter 11 Trustee

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>CEDAR FUNDING, INC.,<br><br>　　　　Debtor. | Case No. 08-52709 MM<br><br>Chapter 11<br><br>**CHAPTER 11 TRUSTEE'S MOTION FOR ORDER AUTHORIZING EXAMINATION OF STEVE POLETTI AND REQUIRING PRODUCTION OF DOCUMENTS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**<br><br>[No Hearing Required] |

R. Todd Neilson, the Chapter 11 Trustee (the "Trustee") in the above-captioned bankruptcy case for Cedar Funding, Inc. (the "Debtor"), submits this motion for an order pursuant to Federal Rule of Bankruptcy Procedure 2004(a) authorizing the examination of Steve Poletti regarding the Debtor and related entities and requiring the production of documents.

## I.

## RELIEF REQUESTED

The Trustee requests that the Court enter an order pursuant to Federal Rule of Bankruptcy Procedure 2004(a) authorizing an examination of Steve Poletti and production of documents. Steve Poletti was employed by the Debtor's related entity, Cedar Properties,

Inc., as a Vice President and Broker Associate and was actively involved in the business of the Debtor. The Trustee seeks an examination of Steve Poletti for purposes of investigating the financial affairs of the Debtor and related entities. The scope of the examination will be in accordance with Bankruptcy Rule 2004(b).

## II.

## STATEMENT OF FACTS

1. On May 26, 2008, the Debtor filed a voluntary petition in this Court for reorganization under Chapter 11 of the Bankruptcy Code. On June 17, 2007, this Court entered an order approving appointment of the Trustee.

2. Prior to the petition, the Debtor operated as a mortgage brokerage business in Monterey, California. David A. Nilsen was president of the Debtor and controlled virtually all aspects of the business.

3. Based on the Debtor's records, it is apparent that that the Debtor employed Steve Poletti. The Trustee believes that, among other responsibilities, Steve Poletti held the position of Vice President and Broker Associate. Neilson Decl., ¶ 3.

4. The Trustee seeks an examination of Steve Poletti and the documents in his possession to more fully investigate the Debtor's operations and those of related entities. Neilson Decl., ¶4.

## III.

## DISCUSSION

Rule 2004(a) provides that on motion of any party in interest, the Court, pursuant to Bankruptcy Rule 2004(b), may order the examination of an entity to allow an inquiry into the debtor's acts, conduct, financial affairs, or any matter that may affect the administration of the estate or any other matter relevant to the case. 9 *Collier on Bankruptcy*, ¶2004.02 (15th ed. Rev. 2008); *see also In re Dinubilo*, 177 B.R. 932, 940 (E.D. Cal. 1993). The scope of an examination under Bankruptcy Rule 2004 is "unfettered and broad," and an examination pursuant to this rule may extend to third parties who have had dealings with the debtor. *Id.* at 940; *In re Fin. Corp. of America*, 119 B.R. 728, 733 (Bankr. C.D. Cal. 1990).

In *In re Dinubilo,* 177 B.R. at 940, the district court explained the broad scope of an examination under Bankruptcy Rule 2004 as follows:

> The breadth of a Rule 2004 examination derives from the particular purpose for which Rule 2004 and its predecessor provisions were promulgated. Rule 2004 relates to the role of a trustee in bankruptcy. A trustee in bankruptcy is under a duty to maximize the realization of the debtor's estate by marshalling the estate's assets and instituting all necessary litigation. When a trustee takes over a Chapter 7 case, the trustee must learn quickly about the debtor entity.

Accordingly, the rule is meant enable the trustee to conduct an early investigation of estate matters. Some courts have referred to a Rule 2004 examination as a "fishing expedition" into issues affecting administration of the estate for which there are fewer procedural safeguards. *Id.* at 939 (citations omitted).

In this case, the Trustee seeks an examination of Steve Poletti regarding the Debtor's operations, its financial affairs, and its relationship to other entities. Steve Poletti appears to have been an employee who has "inside" knowledge of how Mr. Nilsen ran the company. In conjunction with the examination, the Trustee intends to request documents from Steve Poletti as set forth in the attached Exhibit A ("Document Production"). The Trustee represents that examination of Steve Poletti, including the Document Production, is necessary and appropriate at this time.

The Trustee requests that the Rule 2004(a) examination take place approximately twenty days after issuance of a subpoena, with the Document Production to take place at least one week earlier at the offices of Friedman Dumas & Springwater LLP. The oral examination of Steve Poletti will take place at a location within the Northern District of California, San Jose Division of this Court, in accordance with Bankruptcy Rules 2004 and 9016.

The relief sought herein is based upon this motion and the Trustee's supporting declaration. This motion is being served on the Office of the United States Trustee, the Debtor, and persons having filed and requested special notice. Any subpoena pursuant to an order authorizing the Rule 2004 examination shall be served on the Debtor,

the Office of the United States Trustee, and all persons having filed and requested special notice.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an order authorizing the Trustee to examine Steve Poletti on such date and time as may be contained in a subpoena commanding Steve Poletti's attendance at a deposition and production of documents in accordance with Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure.

Dated: November 26, 2008        FRIEDMAN DUMAS & SPRINGWATER LLP

By: */s/ Cecily A. Dumas*
    Cecily A. Dumas
    Attorneys for R. Todd Neilson,
    Chapter 11 Trustee